IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| PAUL D. WEIRICH, <br> Institutional ID No. 123383 <br><br> Plaintiff, <br><br> v. <br><br> TAYLOR COUNTY JAIL, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 1:21-CV-0166-BU |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Paul D. Weirich ("Weirich"), proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 on September 9, 2021, complaining of events alleged to have occurred during his confinement at Taylor County Jail. Dkt. No. 8. The Court previously granted Weirich leave to proceed in forma pauperis, which subjects his Complaint to the Court's preliminary screening measures under 28 U.S.C. § 1915(e)(2)(B). And because Weirich brings his suit against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A. United States District Judge James Wesley Hendrix transferred this civil action to the undersigned on October 15, 2021, for screening. Dkt. No. 13. Weirich has not consented to the magistrate judge exercising the full jurisdiction of this Court.

Following the transfer of this case to the undersigned, the Court entered an Order of Severance and Transfer (Dkt. No 14), an Order for Authenticated Records (Dkt. No. 15), and a Notice of Availability of Magistrate Judge to Exercise Jurisdiction (Dkt. No. 16),

1

each of which was mailed by the Clerk of Court to Weirich at his then-last known address at the Taylor County Jail.

Shortly after these documents were mailed to Weirich, he filed a Notice of Change of Address providing the Court with an updated address in Sweetwater, Texas. Dkt. No. 17. And, when Dkt. Nos. 14-16 were returned from the Taylor County Jail as undeliverable, the Clerk of Court mailed the documents to Weirich at his new address. *See* Dkt. Nos. 19-20. As of the date of these Findings, Conclusions, and Recommendation ("FCR"), none of those documents have been returned as undeliverable.

On November 3, 2021, the same day that Weirich filed his Notice of Change of Address, the Court entered an Order to Answer Magistrate Judge Questionnaire ("MJQ") which the Clerk mailed to Weirich at his new address. Dkt. No. 18. The MJQ ordered Weirich to respond no later than November 24, 2021, and admonished that "failure to return the completed Questionnaire and Certification within the time above will likely result in dismissal of his claims." *Id*. at 2. As of the date of this FCR, the MJQ was neither answered by Weirich nor returned from his new address as undeliverable.

When Weirich failed to respond to the MJQ, the undersigned entered an Order to Show Cause requiring Weirich no later than December 21, 2021, to respond to the MJQ and show cause for his failure to timely do so. Dkt. No. 22. Through the Order to Show Cause, the undersigned again admonished Weirich that failure to respond to the MJQ and Show Cause Order "will likely result in dismissal of Weirich's claims under the Court's inherent authority pursuant to Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution." *Id*. at 1-2. As of the date of this FCR,

Weirich has yet to respond to either the MJQ or the Order to Show Cause and the time to do so has once again passed.

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate here because the undersigned is unable to conclude that Weirich's failure to respond to the MJQ and Order to Show Cause are "the result of purposeful delay or contumaciousness." *See Long v. Simmons*, 77 F.3d at 880. Thus, the undersigned recommends the lesser sanction of dismissal without prejudice.

While Weirich's failures detailed above may not support a finding of purposeful delay or contumaciousness, they prevent this Court from performing the statutorily required screening of his claims under 28 U.S.C. §§ 1915 and 1915A. The Court is not required to delay the disposition of this case until such time as Weirich decides to comply with the Court's orders.

For these reasons, the undersigned RECOMMENDS that Weirich's Complaint and all claims alleged therein be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to follow this Court's previous orders. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits, unless otherwise specified").

It is ORDERED that this case be transferred back to the docket of United States District Judge James Wesley Hendrix.

## RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dismissal of these claims does not release Weirich from the obligation to pay any filing fee previously imposed. 28 U.S.C. § 1915(b)(1); *see also Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

ORDERED this 30th day of December, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE